**STATE of Missouri, Respondent,**

v.

**Larry JOHNSON, Appellant.**

No. 57208.

Supreme Court of Missouri, Division No. 1.

Feb. 12, 1973.

 

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

Douglas N. Merritt, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant.

LAURANCE M. HYDE, Special Commissioner.

Defendant was convicted of stealing merchandise of the value of more than fifty dollars from the loading dock of Swanson's store in the Plaza area of Kansas City. He was sentenced under the Second Offender Statute to ten years' imprisonment and has appealed. We have jurisdiction because this appeal from a felony conviction was filed in this court September 20, 1971. We affirm.

The evidence substantially as stated in defendant's brief was as follows: At 12:00 o'clock noon, December 14, 1970, James Ammerman, Kansas City Police Department patrolman, was on duty as a part-time security officer at Swanson's, a ladies ready-to-wear store. He was standing on the lower level of the automobile parking garage near the loading dock when he first saw defendant, from a distance of thirty to forty feet, holding two (2) sealed boxes marked Swanson's. Defendant was standing next to the loading dock in front of his car which was parked facing the dock, where cars were not authorized to be. (Swanson's provided a separate parking area for customers' cars.) The trunk of the car was open and a third box marked "Swanson's" was visible therein. A woman codefendant was standing at the rear of the automobile holding the trunk door open. When defendant saw the policeman, he placed one of the boxes he was holding onto the dock and one on the pavement by the automobile. Defendant then entered the automobile, locked the doors and attempted to leave the vicinity. Officer Ammerman drew his gun, stopped defendant

and held both occupants of the car until an assisting officer arrived. After the arrival of an assisting officer and Mr. Thomas B. Lauhon, secretary of Swanson's, Officer Ammerman used the keys taken from the ignition switch and opened the trunk of the automobile and removed the box he had seen in it. This box and one of the others were received in evidence. They had been sent to Swanson's from other states. Defendant offered no evidence.

■ Defendant claims reversible error in allowing introduction in evidence of the box which the officer took from the trunk of defendant's car after his arrest. Defendant filed a motion to suppress before the trial which was heard and overruled by the court. Defendant's brief says he relies primarily on the United States Supreme Court decision in Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L. Ed.2d 564 (1971), although he also cites State v. Witherspoon, Mo.Sup., 460 S.W.2d 281 (1970) and State v. Edmondson, Mo. Sup., 379 S.W.2d 486 (1964). The State relies on Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), and Chambers v. Maroney, 399 U.S. 42, 90 S. Ct. 1975, 26 L.Ed.2d 419 (1970). Our view is that the Coolidge case is not in point in the situation presented in this case. In Coolidge, the defendant was in jail; his car was in the driveway of his home and the police knew for days where his car was. The majority holding was that under these circumstances no exigencies existed which justified the intrusion of seizing and searching Coolidge's car left in his driveway. The court distinguished Coolidge from Chambers on that ground.

In two recent cases, we have held officers had reasonable grounds for opening the trunk of a car based on what they had seen in the car, and the defendant's activity in connection with it, although they had not seen and did not know, as here, what was in the trunk. In Mace v. State of Missouri, Mo.Sup., 458 S.W.2d 340 (1970),

the officers, who saw Mace in a car, had been advised that a warrant had been issued for his arrest for grand stealing. They stopped the car and found a pistol in the front seat. They opened the trunk at the place where the car was stopped, by having a man sent out from a key shop to open it, and found one of the stolen articles in it. We held the circumstances shown supported a finding of probable cause for the search.

In State v. Wrose, Mo.Sup., 463 S.W.2d 792 (1971) the officers were sent to the location of a car because of information about articles being carried out of an apartment building to it. They stopped the defendant and another leaving the rear of the building. The officers could see men's clothing with price tags torn off piled in the rear seat and a pry bar on the rear floor. We held these circumstances and what they saw in the car gave them reasonable grounds for looking into the trunk which they did by using the key found in the car. They found there bolt cutters and other articles connecting defendant with a burglary for which he was convicted. We affirmed the defendant's conviction.

In this case, the officer was not conducting an exploratory search because he had seen Swanson's box of goods in the open trunk. He only opened the trunk and gave this box to the representative of its rightful owner who was present at that time. He surely did not need any legal process to give the owner the two boxes dropped by defendant before he could get them to his car trunk. The situation as to the third box was only different because the trunk lid had been closed, either by defendant or his companion, after the officer approached and after the officer had seen this box of Swanson's in the open trunk. There is no claim that anything else was seen in or taken from the trunk. We hold defendant's claim of an illegal search is without merit.

■ Defendant also claims error in permitting Mr. Lauhon, an officer of Swan-

son's (who came to the dock after defendant was arrested), to testify over objection, as follows:

"Q Did you have conversation with Patrolman Ammerman?

A Yes, I asked him what was going on.

Q and what was his reply, Mr. Lauhon?

MR. RODARTE: To which I'm going to object because it would be hearsay, Your Honor, if the Court please.

MR. MINTON: Well, the man was there and the defendant was there, and the witness is capable of testifying to what he heard, Your Honor.

THE COURT: Objection overruled.

A He said that 'These two were taking boxes of merchandise off your dock.'"

Apparently defendant claims this is hearsay, inadmissible under any exception, because defendant being under arrest was under no duty to speak, citing State v. Phelps, Mo.Sup., 384 S.W.2d 616 (1964). There was no further questioning about this and the officer's statement introduced no new fact into the case. Officer Ammerman had previously testified, without objection, that he had notified Mr. Lauhon about the matter. Furthermore, the officer had testified fully about what he saw take place so this "was cumulative merely, and therefore not prejudicial." See State v. Williams, Mo.Sup., 448 S.W.2d 865, 869. We find no prejudicial error.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by LAURANCE M. HYDE, Special Commissioner, is adopted as the opinion of the court.

All of the Judges concur.