James **COLEMAN**, Appellant,

v.

**STATE of Missouri**, Respondent.

No. 57681.

Supreme Court of Missouri,
Division No. 2.

Nov. 12, 1973.

STOCKARD, Commissioner.

This is an appeal by James Coleman from the judgment of the trial court overruling his motion filed pursuant to Rule 27.26, V.A.M.R.

On February 2, 1971, appellant entered pleas of guilty to murder in the first degree and to robbery, and he was sentenced to imprisonment for life for the murder and to twenty years for the robbery. Since this appeal involves a first degree murder case and was pending in this court prior to April 3, 1973, we retain jurisdiction pursuant to the order of this court entered on April 9, 1973.

Appellant's first point is that he and his appointed attorney "were not granted sufficient time in which to confer or prepare for the hearing" on this motion. We note that counsel on this appeal was not appellant's counsel at the hearing on the motion.

Appellant's motion was filed on April 27, 1971. On that day counsel was appointed and appellant was notified of the appointment. On June 7, 1971 the court designated August 6, 1971 as the date for hearing the motion. The record does not disclose whether there was any communication between counsel and appellant prior to August 4. On that day counsel conferred with appellant at the jail for two hours. At the hearing counsel stated during some preliminary discussions that appellant had told him of "two propositions" which counsel believed were "relevant," and in the course of that discussion counsel remarked that he "didn't have the opportunity to do any investigating." There is nothing to indicate to what the "two propositions" pertained, or what counsel believed he should investigate. There was no request for a continuance or for a delay for the purpose of making an investigation.

In argument under this point appellant asserts that on the "essential issue of the state of mind" of appellant, the court "demanded expert testimony which [appellant's] counsel had no time to prepare."

John J. Schlueter, Robert A. Hampe, St. Louis, for movant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

This is not what is shown by the record. During the direct examination of appellant his counsel commented that he thought appellant "should have psychiatric attention." It is not clear upon what this opinion was based. Neither is it clear whether counsel believed that appellant should receive such "attention" at the time of the hearing on the motion, or whether he was of the opinion that he should have received the "attention" at the time he entered his pleas. The assistant circuit attorney objected and stated that there was no evidence to support the opinion and no motion for an examination had been filed. The court commented: "Well, there ought to be some expert opinion evidence. I'll sustain the objection:" This ruling was to the effect that counsel's opinion, unsupported by expert opinion evidence, did not call for psychiatric treatment. Other than this, appellant makes no attempt on this appeal to demonstrate that he was not "granted sufficient time" to prepare for the hearing on the motion, and as noted, there was no request for a continuance or delay to obtain such testimony, and there was no motion that any examination be made. We find no merit in appellant's first point.

The second, and remaining point, is that appellant was denied "effective assistance of counsel and denied due process of law" in that he was charged with a capital offense and "was not afforded the opportunity to take a psychiatric examination." Appellant argues that "since he was obtaining LSD before and after his arrest, * * * he should have had the benefit of a psychiatric examination," and that the failure of his counsel to file a motion resulted in a denial of effective assistance of counsel.

 Appellant had employed counsel present when he entered his pleas of guilty, and his counsel was experienced in the trial of criminal cases. The mere previous use of LSD does not entitle a person to a psychiatric examination. There is no contention by appellant that the prior use of drugs resulted in his inability to understand the charges against him and to participate in his defense, and he makes no contention that he exhibited any condition which should have put his counsel or the court on notice that he was not competent to understand the proceedings at the time he entered his pleas. In fact, the complete and thorough examination made by the court at the time the pleas were accepted indicates a full understanding by appellant of the proceedings. In addition, appellant testified unequivocally at the hearing on the motion that at the time he entered his pleas of guilty, and also at the time he talked to his mother and to his counsel prior to entering the pleas, he was not under the influence of LSD or any other drug. This is the only basis upon which it is now contended that he should have been "afforded the opportunity to take a psychiatric examination."

The judgment of the trial court is not clearly erroneous, and therefore it is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.