Dale W. OKENFUSS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 34905.

Missouri Court of Appeals, St. Louis District, Division One.

Dec. 11, 1973.

Dearing, Richeson, Roberts & Wegmann, Nicholas G. Gasaway, Hillsboro, for movant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, Charles Weber, Pros. Atty., Ste. Genevieve, for respondent.

SIMEONE, Judge.

This is an appeal by movant-appellant Dale William Okenfuss from an order of the Circuit Court of Ste. Genevieve County overruling his motion to vacate his sentence for auto theft pursuant to Supreme Court Rule 27.26, V.A.M.R. We affirm.

In his pro se motion written by another inmate, he alleged three grounds for relief: (1) that his plea of guilty was not voluntary, (2) that he was denied effective assistance of counsel, and (3) that he had no counsel at his preliminary hearing, arraignment or at his initial plea.

On May 10, 1970, proceedings were had before the court during which the movant pleaded guilty. The court informed him of the charge of auto theft and took the plea but deferred sentence because movant was in the army but away without leave. The court admonished him "to make good in the military, because, if not, you're faced with a penitentiary sentence if you come back here." After being given an undesirable discharge on October 21, 1970, and after being arrested again on a charge of felonious assault, he was again brought before the trial court on July 6, 1971 and sentenced to eight years to the Department of Corrections. Counsel had been appointed for movant about a month prior to the sentence rendered on July 6.

Several of the grounds raised in his motion and memorandum attached thereto relating to the allegation that he was led to believe that other charges would be dropped were wholly unproved and were not presented in his points on appeal. These grounds therefore need not be considered.

Movant makes several points on this appeal. First he contends that the procedure followed by the court in reaffirming his guilty plea on July 6, 1970, is erroneous and the court lacked jurisdiction to sentence him because there was no notice nor opportunity to be heard on his "revocation of probation." This point was not a part of his motion, and it is clear that a motion cannot be amended by an appellant's brief on appeal, and that matters not raised in the motion and presented to

the trial court may not be raised for the first time on appeal. Maggard v. State, 471 S.W.2d 161, 162 (Mo.1971); Johnson v. State, 463 S.W.2d 873, 875–876 (Mo. 1971). Furthermore, this point is not a proper subject for a Rule 27.26 motion; the motion procedure is an improper avenue of relief. Green v. State, 494 S.W.2d 356, 357 (Mo. banc 1973).

Secondly, he contends that he was denied effective assistance of counsel because he conferred with appointed counsel prior to his July 6 plea only twice and "little was said about his case," that appointed counsel did not request a medical examination after he had been classified a schizophrenic, and that counsel did not insist on a revocation hearing. None of these grounds was alleged in his motion and hence none is a proper point on appeal. Maggard v. State, *supra,* Johnson v. State, *supra.* But the first alleged ground (that he talked to his attorneys twice) was brought up at the hearing and considered by the trial court. At the hearing he further stated that he did not understand his plea because he was classed by a physician as a schizophrenic and was taking medication.

■ We hold, as did the trial court, that there is no merit to any of these points raised by appellant and that he was not denied effective assistance of counsel. We cannot say that the mere fact that counsel met twice with movant at which discussions took place (one of them immediately prior to the proceedings on July 6, 1971) constitutes ineffective assistance. State of Missouri v. Turley, 443 F.2d 1313 (8th Cir. 1971); Babcock v. State, 485 S.W.2d 85 (Mo.1972). See also Hall v. State, 496 S. W.2d 300, 303 (Mo.App.1973).

■ The statement that he had been diagnosed a schizophrenic and was on medication does not prove that he was incompetent to plead. Movant offered no proof whatever that being so diagnosed rendered him incompetent to voluntarily enter a plea. In this respect, movant, having the burden of proof, wholly failed in his proof on this point. Cf. McCarthy v. State, 502 S.W.2d 397 (Mo.App., Filed November 6, 1973).

■ Movant's allegation in his motion that he was not furnished with an attorney at preliminary hearing, or on arraignment or at the proceedings on May 10, 1970, are without merit. Movant waived preliminary hearing and waived counsel at the proceedings on May 10, 1970. He was furnished counsel prior to plea and sentencing on July 6, 1971.

■ Movant's final point on appeal is that the sentencing court did not ascertain under Rule 25.04 that his plea was made voluntarily and intelligently. A plea of guilty of course is not to be received unless it is freely and voluntarily made. If the defendant is misled or induced to plead guilty by fraud or mistake, by apprehension or fear, the plea should be permitted to be withdrawn. Brown v. State, 495 S. W.2d 690, 695 (Mo.App.1973). We have reviewed the record and agree with the trial court that the plea was voluntary under the legal tests. The test is whether the plea is "in fact voluntarily made with understanding of the nature of the charge." Flood v. State, 476 S.W.2d 529, 533 (Mo. 1972).

We have fully reviewed the appellant's motion, plea, evidentiary hearing and all his allegations. Under all the circumstances presented by this record, we cannot say that the order of the trial court overruling the appellant's motion was clearly erroneous. Rather, the court was clearly correct.

The order overruling the appellant's motion is affirmed.

WEIER and KELLY, JJ., concur.