**Robert Tilman JONES, Movant-Appellant,**

v.

**STATE of Missouri, Defendant-Respondent.**

**No. 34807.**

Missouri Court of Appeals,
St. Louis District.

Jan. 15, 1974.

Fred E. Arnold, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., J. Paul Aldred, Jr., Asst. Circuit Atty., St. Louis, Charles B. Blackman, Sp. Asst. Atty. Gen., St. Louis, for defendant-respondent.

GUNN, Judge.

Movant-Appellant, Robert Tilman Jones, appeals from a Circuit Court order overruling his motion to vacate his sentence under Rule 27.26, V.A.M.R., on two counts of intent to kill with malice and one count of robbery first degree by means of a deadly and dangerous weapon. Appellant argues that he was erroneously denied a sanity hearing concerning his competency to stand trial and that he was denied effective assistance of counsel. A complete and thorough hearing on his 27.26 motion was held by the Circuit Court after which the motion was overruled. We affirm.

Appellant was indicted and pleaded not guilty to the aforementioned charges. His court appointed counsel filed a motion for psychiatric examination which was granted, and the examination was given. The medical report which was received by the Circuit Court concluded that although appellant had a sociopathic personality and anti-social reaction, there were no symptoms of psychosis and he had no mental disease or defect within the meaning of Section 552.010 RSMo 1969.[1] The medical report also found that appellant had the capacity to understand the proceedings and assist in his own defense; that he had an I.Q. of 110; that he knew and appreciated the nature and quality and wrongfulness of his conduct and could conduct himself according to the requirements of the law. The case was then removed from the mental examination docket and placed on the trial docket. Appellant's trial counsel, who was familiar with the provisions of §§ 552.010 and 552.020, discussed the medical report with appellant. Although appellant's trial counsel expressed a willingness to try the case, appellant and his lawyer agreed that the wisest course for appellant was to plead guilty to the charges. Appellant acknowledged that he was fully aware of his guilty plea at the time it was made; that he was under no physical or mental impairment at the time the plea was made. Appellant's trial counsel made an analysis of the medical report, compared it with the provisions of the Missouri law to determine whether appellant had a defense of insanity and concluded that it would be

1. Statutory references are to RSMo 1969, V.A.M.S.

fruitless to pursue such a defense. He also made a thorough analysis of the State's evidence and determined that the State was in an excellent position to obtain a conviction. He did not, however, advise appellant that the medical report could be contested.

Appellant admits his guilt but contends: 1) that by granting the motion for a psychiatric examination, the trial court acknowledged that it had a bona fide doubt as to appellant's mental capacity to stand trial and was, therefore, required to hold a hearing sua sponte as to his competency; 2) that the trial court erroneously neglected to comply with the provisions of § 552.-020 by its failure to make specific findings as to appellant's mental competency to stand trial; 3) failure of the counsel to demand a pre-trial hearing on mental competency deprived appellant of effective assistance of counsel.

We reject appellant's contentions. The mere fact that a trial judge grants, on motion, a psychiatric examination does not automatically establish that a bona fide doubt exists as to the defendant's competency to stand trial. Appellant relies on Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966) and Brizendine v. Swenson, 302 F.Supp. 1011 (W.D.Mo. 1969), in support of his position, but Pate is not applicable. Under Pate it is "where the evidence raises a 'bona fide doubt' as to a defendant's competence to stand trial" that the judge is required to conduct a hearing sua sponte. Here, there was no evidence before the court which would raise a bona fide doubt as to appellant's competency to stand trial. The trial court is not required to conduct a hearing sua sponte where there is no evidence of incompetency. The test of competency is whether the accused has sufficient ability to consult with his lawyer with a reasonable degree of rational understanding and whether he had a rational as well as factual understanding of the proceedings against him. Dusky v. United States, 362

U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); Newbold v. State, 492 S.W.2d 809 (Mo.1973); Pulliam v. State, 480 S.W.2d 896 (Mo.1972); McCarthy v. State, 502 S. W.2d 397 (Mo.1973). The record reflects appellant's competency to enter his plea.

Brizendine v. Swenson, *supra*—to the extent that it would hold that the ordering of a mental examination judicially establishes a bona fide doubt in the trial court requiring a complete hearing—is anomalous and dissonant. In Newbold v. State, *supra*, the court said, 492 S.W.2d, l. c. 820:

"Brizendine v. Swenson, 302 F.Supp. 1011 (W.D.Mo.1969), cited by appellant, is no longer the standard in these situations even in the United States District Court for the the Western District of Missouri. In Gregg v. Missouri Department of Corrections, 335 F.Supp. 344 (W.D.Mo.1971), petitioner sought relief directly in the federal court claiming 'exceptional circumstances' by way of a 'foregone conclusion' that Missouri courts will not follow the standards enumerated in Brizendine v. Swenson. The district court observed that neither Missouri nor the federal appellate courts now equate the 'substantial doubt' of Brizendine v. Swenson with the *bona fide* doubt of Pate v. Robinson, supra, before a court need grant a competency examination."

And in United States v. Maret, 433 F.2d 1064 (8th Cir. 1970), cert. denied, 402 U.S. 989, 91 S.Ct. 1678, 29 L.Ed.2d 155 (1971), the Court of Appeals for the 8th Circuit said, l. c. 1067:

"Some degree of mental illness does not equate with legal incompetence. (Citing cases.) When the report does not indicate a state of present insanity or mental incompetence, the trial court is not required to take any other action prior to trial."

Thus, Brizendine v. Swenson, *supra*, as cited by appellant, has been vitiated.

There is no indication from the record before us or in the medical report that would raise doubt as to appellant's competency to stand trial or to enter his plea of guilty. In fact, appellant acknowledged that he had full understanding of the proceedings at the time he made his plea. Therefore, no action was required by the court directing a further psychiatric hearing. Coleman v. State, 501 S.W.2d 24 (Mo.1973); McCarthy v. State, *supra*; Okenfuss v. State, 503 S.W.2d 442 (Mo. 1973); Drope v. State, 498 S.W.2d 838 (Mo.App.1973); Miller v. State, 498 S.W. 2d 79 (Mo.App.1973). Since the medical report was not contested, it was not mandatory under § 552.020 for the trial court to hold a hearing unless it considered it necessary. Collins v. State, 479 S.W.2d 470 (Mo.1972); Griggs v. State, 479 S.W. 2d 478 (Mo.1972); McCormick v. State, 463 S.W.2d 789 (Mo.1971).

Appellant contends that the trial court failed to comply with the provisions of § 552.020, in that it made no finding with respect to appellant's competency to stand trial as required by that section; that the record indicates only that the judge received the medical report and removed the cause from the mental examination docket and placed it on the trial docket; that the court's omission was therefore erroneous. The court's docket entry setting the case for trial was equivalent to approval of the report and determination by the court that appellant was fit to proceed to trial and therefore not a violation or omission of the provisions of § 552.-020(6) as urged by appellant. Miller v. State, *supra*.

Finally, appellant asserts that he received ineffective assistance of counsel by his counsel's failure to demand an evidentiary hearing on appellant's competency to stand trial. There was no apparent reason for the appellant's trial lawyer to challenge the report. The fact that appellant's counsel did not continue to attack the question of appellant's competency to stand trial does not establish ineffectiveness of counsel. Griggs v. State, *supra*; Collins v. State, *supra*; Drope v. State, *supra*. In this case, the record reflects that appellant's trial counsel diligently prepared for the defense of appellant, and the mere fact under the circumstances of this case that he chose not to further pursue a defense of insanity or seek examination regarding appellant's competency to stand trial does not establish ineffective assistance. Clemmons v. State, 499 S.W.2d 463 (Mo.1973).

The order overruling apppellant's Rule 27.26 motion is affirmed.

SMITH, P. J., and McMILLIAN, J., concur.