**STATE of Missouri, Respondent,**

v.

**John Edward GRAY, Appellant.**

No. 34962.

Missouri Court of Appeals,
St. Louis District.

Jan. 15, 1974.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., James E. Darst, Asst. Circuit Atty., Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Frederick R. Buckles, Michael D. Stokes, DeLancey C. Ingram, St. Louis, for appellant.

CLEMENS, Judge.

Defendant appeals from a conviction for burglary second degree and a sentence to seven years imprisonment.

The Antioch Baptist Church was burglarized on May 19, 1971. An outside window, an interior office window and a door in the educational portion of the building were broken. A glass showcase in a corridor had also been broken. A typewriter, copy machine and a ground-breaking shovel were missing. John Smith, the church custodian, testified his usual procedure was to secure all entrances before leaving but he did not specifically state he had locked the building the evening before the burglary. Patrolman Dorn testified, over defendant's hearsay objection, that the next morning John Smith told him he had secured the premises the night before. Fin-

gerprints on the broken glass were identified as defendant's. A trustee of the church testified that to his knowledge defendant had never been a member or employee of the church and would have had no reason to be in the educational portion of the building.

■ Defendant presents three issues on this appeal but only two are preserved in his motion for new trial. First, defendant contends Patrolman Dorn's testimony that the custodian stated he had secured the premises was improperly admitted as hearsay. True, but whether Smith had secured the building the night before is inconsequential in view of evidence of forcible exterior and interior breakage that facilitated the stealing. Defendant has not demonstrated any prejudice from the admission of Patrolman Dorn's testimony and we find none. The error was harmless. Compare State v. Daniels, 347 S.W.2d 874 [3] (Mo.1961).

■ Defendant next challenges the sufficiency of evidence to convict him of burglary. The only evidence of defendant's participation were his fingerprints found on the broken windows and door in the church. Mr. Haynes, a trustee of the church, testified defendant was not a member of the church, had never been employed there and had no reason to be in the burglarized part of the building. Although circumstantial, the fingerprint evidence was consistent with defendant's guilt and sufficient to support the guilty verdict. See State v. Schleicher, 442 S.W.2d 19 [3] (Mo.1969).

■ Defendant's final point is that the state failed to prove one of the essential elements of the offense of burglary, that of ownership of the building, since no evidence showed the church was incorporated, as charged. This point was not preserved in the motion for new trial and we do not consider it plain error.

Judgment affirmed.

SMITH, P. J., and McMILLIAN and GUNN, JJ., concur.