**Larry JOHNSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 26954.**

Missouri Court of Appeals,
Kansas City District.

Nov. 4, 1974.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 2, 1974.

Application to Transfer Denied Jan. 13, 1975.

Willard B. Bunch, Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., and SHANGLER, WASSERSTROM and TURNAGE, JJ.

WASSERSTROM, Judge.

This appeal is from a denial of appellant's motion to vacate sentence under Rule 27.26, V.A.M.R., after an evidentiary hearing.

Appellant was convicted by a jury of the crime of stealing merchandise valued in excess of fifty dollars. Punishment was assessed under the Second Offender Act at ten years imprisonment. A direct appeal followed, and the judgment was affirmed in State v. Johnson, 490 S.W.2d 20 (Mo. 1973). The present appeal lodges the sole contention that appellant was denied the effective assistance of counsel.

■ The constitutional informity is said to lie in counsel's failure to pursue, or timely present to the trial court, the possibility of appellant's admission to a federal narcotics rehabilitation program, despite counsel's knowledge of his client's heroin addiction. Evidence respecting this contention is brief, and initially discloses that appellant was, according to his testimony, a heroin addict during the period of time he was receiving the complained of representation. Movant testified that he "mentioned" this fact to his attorney, but admitted he never expressed a desire to participate in a rehabilitation program, or to have his attorney take steps in that direction. On the contrary, it was his attorney's testimony that appellant simply wanted to proceed to a trial of his case, and avoid any confinement as long as possible. In spite of the alleged "mention" of heroin addiction, counsel stated, and the court below found, that counsel was unaware of such a condition prior to or during trial.

Subsequent to conviction and prior to sentencing, appellant's attorney received two or three phone calls from a probation and parole officer. In these conversations, counsel was informed of appellant's addiction and of his desire to enter the federal rehabilitation program. The matter was brought to the attention of the trial court immediately before sentencing, and an oral request to seek admittance to the program was denied.

■■ The standard for judging the adequacy of a defendant's representation has been variously stated. The presently governing formulation by the Missouri Supreme Court is "to determine in each case whether appellant was deprived of a fair trial by conduct of counsel." Sims v. State, 496 S.W.2d 815, 817 (Mo.1973); Myrick v. State, 507 S.W.2d 42 (Mo.App. 1974); State v. Davis, 505 S.W.2d 115 (Mo.App.1974). See McQueen v. Swenson, 498 F.2d 207, 1. c. 213–215 (8th Cir. 1974). It is axiomatic that appellate review of counsel's compliance with this standard is limited to a determination of whether the hearing court's findings, conclusions, and judgment in this respect are clearly erroneous. Rule 27.26(j). The trial court. found this standard to have been met, and its conclusion is not clearly erroneous.

■ That counsel was, until quite late in the proceedings, unaware of appellant's addiction is amply supported by the record. But assuming, arguendo, that counsel did have such knowledge, it would have been of no avail. The trial court correctly found that appellant's utmost desire was to remain free as long as possible, postponing any confinement until an ultimate rendition of guilt. The strategy thus employed erased the possibility of commitment to the federal rehabilitation program pending the outcome of appellant's trial. Such matters of strategy or trial tactics, indeed actually dictated by appellant, are not proper subjects of inquiry in reviewing courts, and afford no basis for relief. Hughes v. State, 507 S.W.2d 363 (Mo.1974); Clemmons v. State, 499 S.W.2d 463 (Mo.1973); State v. Moore, 435 S.W.2d 8 (Mo. banc 1968); Brown v. State, 495 S.W.2d 690 (Mo.App.1973); and State v. Wilkinson, 423 S.W.2d 693 (Mo.1968).

But appellant's argument runs further afoul. A brief analysis of the federal statutes which would control appellant's admission to the desired rehabilitation program is utterly fatal to his position. Those statutes are collectively titled the Narcotic Addict Rehabilitation Act, and provide for three types of entry into the program. It

will suffice to say that the first two modes deal with addicts who are either facing *federal* criminal charges (28 U.S.C.A. § 2901 et seq.) or have been convicted of a *federal* criminal offense (18 U.S.C.A. § 4251 et seq.). Thus these sections of the Act were obviously unavailable to appellant, since no federal offenses are involved. The third portion of the NARA (42 U.S. C.A. § 3411 et seq.), and the only possible avenue for appellant's commitment, is directed toward those addicts who have no criminal charge or conviction pending, and no part of any sentence left unserved. 42 U.S.C.A. § 3421. That section also contains an exception making the chapter nevertheless applicable to any addict on probation, parole, or mandatory release if the authority authorized to require his return to custody consents to his commitment.

It is readily apparent that 42 U.S.C.A. § 3421 also forecloses relief to appellant. By its own terms it would not have been a vehicle for rehabilitation at least until appellant was found guilty and placed on probation. Thus counsel could not have initiated any valid steps toward entry into the program prior to sentencing. It was, in fact, at this time that counsel presented the matter to the trial court, and he could have taken further steps only if appellant had been placed on probation. This was not done. Nor was there any indication that the trial court, as the proper authority under § 549.101, RSMo 1969, would have consented to appellant's pursuit of rehabilitation. On the contrary, the record discloses an affirmative disapproval by the court of such candidacy.

There is no showing of either a failure in representation, or any prejudice as required by Thebeau v. State, 491 S.W.2d 275, 277, 278 (Mo.1973); and McQueen v. State, 475 S.W.2d 111 (Mo. banc 1971). See McQueen v. Swenson, 498 F.2d 207, 1. c. 218 (8th Cir. 1974). The judgment below is not clearly erroneous, and is, therefore, affirmed.

All concur.