STATE of Missouri, Plaintiff-Respondent,

v.

Theodore Roosevelt MILLS, Defendant-Appellant.

No. 36291.

Missouri Court of Appeals, St. Louis District, Division Three.

March 25, 1975.

Charles D. Kitchin, Public Defender, Thomas J. Prebil, James C. Jones, Asst. Public 'Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, and Brendan Ryan, Circuit Atty., St. Louis, for plaintiff-respondent.

GUNN, Judge.

Defendant appeals from his conviction for arson and raises two points of alleged trial error which he contends warrant a new trial: 1) that inadmissible hearsay testimony was permitted; 2) that the State's verdict directing arson instruction was an improper deviation from MAI–CR 7.02. We affirm the judgment.

On November 16, 1973, St. Louis police officers Daniel Cregan and John Clobes responded to a call and found the rear porch of the residence of defendant's mother in flames. Firemen were quickly able to extinguish the flames. After talking with defendant's mother, Mrs. Gloverstene Ore, Officers Cregan and Clobes arrested defendant near the scene of the fire. Officer Cregan testified at trial that upon arresting defendant, he gave defendant the appropriate Miranda [1] warnings; that in the presence of officer Clobes and Mrs. Ore, defendant told Officer Cregan that after an argument with his mother, he had purchased a can of gasoline and poured the contents on his mother's porch. As Mrs. Ore shot at defendant with a pistol in an effort to halt his activities, defendant struck a match and threw it on the gasoline, causing the fire to Mrs. Ore's residence. Defendant repeated his statement of involvement with the fire to Officer Cregan with Mrs. Ella Martin, the owner of the residence, and Officer Clobes again present. Mrs. Martin and Officer Clobes also testified that they heard defendant make the statement that he had poured gasoline on his mother's porch and ignited it. A can identified as having contained gasoline was found by firemen at the scene of the fire, and fire investigators testified that the fire had been deliberately set by igniting gasoline which had been poured on Mrs. Ore's porch. Over objection of defendant's counsel, Officers Cregan and Clobes were permitted to testify that Mrs. Ore had told them that she had seen her son, the defendant, set fire to the house. At trial, Mrs. Ore was somewhat recalcitrant and obdurate about testifying against her son and "refused" to remember any details of the episode.

Defendant argues that the testimony of the police officers of what Mrs. Ore had related to them about defendant's involvement with the fire was inadmissible hearsay. The State asserts that Mrs. Ore's statement to the police that her son had started the fire was produced by the event of the fire and the spontaneous result of the event, thereby falling within the res gestae exception to the hearsay rule.

1. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Assuming that the testimony of the police officers concerning Mrs. Ore's statements would be inadmissible hearsay, we find any error in the admission of that testimony to be nonprejudicial to defendant and therefore not sufficient basis for reversal and a new trial. Though subject to exclusion upon proper objection, the admission of hearsay which does not have a decisive effect on the jury or result in a miscarriage of justice is not prejudicial error. Billings v. State, 503 S.W.2d 57 (Mo.App. 1973). Admission of objectionable hearsay evidence will not constitute reversible error if, as a matter of law, it can be concluded that such hearsay is merely cumulative to other evidence fully proving the issue. State v. Johnson, 490 S.W.2d 20 (Mo. 1973); State v. Nimrod, 484 S.W.2d 475 (Mo.1972). In this case, defendant on two separate occasions related to police officers, and on one occasion to the property owner, the details of his setting fire to his mother's residence. The testimony of police officers concerning Mrs. Ore's statement as to what defendant told her, if inadmissible hearsay, was merely cumulative and did not prejudice defendant, and no basis for relief exists for defendant thereby. State v. Phelps, 478 S.W.2d 304 (Mo. 1972); State v. Gray, 504 S.W.2d 825, (Mo.App.1974); State v. Maxwell, 502 S. W.2d 382 (Mo.App.1973).

Defendant's second claim of error is that the verdict directing instruction did not conform with MAI–CR 7.02. The instruction given read as follows:

"If you find and believe from the evidence beyond a reasonable doubt:

"First, that on November 16, 1973, in the City of St. Louis, State of Missouri, the defendant set fire to the dwelling at 2355 Hickory Street *in which human beings were present*, and

"Second, that he did so intentionally, then you will find the defendant guilty of arson of an occupied dwelling.

"However, if you do not find and believe from the evidence beyond a reason-able doubt each and all of the foregoing, you must find the defendant not guilty of that offense." (emphasis added)

The emphasized portion is not included in MAI–CR 7.02.

Under the current MAI–CR instruction and under § 560.010 RSMo 1969, V.A.M.S., the State is relieved of the burden of proving the presence of humans in an arson of a dwelling house case. Thus, the State undertook the added burden of establishing that humans were present in the dwelling which defendant set afire. In fact, the evidence was clear and uncontroverted that humans were in the house at the time defendant set fire to it. There was no burden placed on the defendant by the instruction requiring the additional finding, and the added words were merely surplusage. State v. Davis, 482 S.W.2d 486 (Mo.1972); State v. Hawkins, 418 S. W.2d 921 (Mo. banc 1967). The instruction which added to the State's burden was, at most, harmless, nonprejudicial error. State v. Cline, 452 S.W.2d 190 (Mo.1970); State v. Rice, 511 S.W.2d 444 (Mo.1974). The defendant may not complain of alleged error in his favor. State v. Cox, 508 S. W.2d 716 (Mo.App.1974).

The judgment is affirmed.

SIMEONE, P. J., concurs.

McMILLAN, J., concurs in separate opinion.

McMILLAN, Judge (concurring).

I concur, but reluctantly. Because of the newness of MAI–CR, conceivably attorneys have not become too familiar with the usage of the instructions contained therein. Consequently, and maybe justly so, the majority has excused the state from a literal compliance with MAI–CR 7.02. On the other hand, MAI–CR 7.02 makes no reference to "in which human beings were present" as set forth in paragraph First. Nor is there a reference to "an occupied dwelling" as contained in paragraph Second.

Where there are approved MAI–CR instructions applicable in a particular case which the appropriate party requests or the court decides to submit, such instruction should be given, without either additions or deletions, to the exclusion of any other on the same subject matter. While it is true that Order 20.02(e), Use of Instructions and Verdict Forms, P. VIII, provides: "Giving or failing to give an instruction . . . in violation of this Rule or any applicable Notes on Use shall constitute error, its prejudicial effect to be judicially determined" yet if this practice is encouraged by subjective judicial constructions the exceptions may well become better known than the rules themselves. In other words, if we, the judiciary, constantly give currency to this practice, the value and benefits to be derived from the adoption of pattern instructions and the time and efforts extended by our committee of the Missouri Bar on Criminal Pattern Instructions will both be lost.