STATE of Missouri, Respondent,

v.

Melvin BREWER, Appellant.

No. 36964.

Missouri Court of Appeals, St. Louis District, Division Three.

Aug. 10, 1976.

**230**

Neal P. Murphy, James C. Jones, Asst. Public Defenders, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., St. Louis, for respondent.

RENDLEN, Judge.

Melvin Brewer appeals his conviction of carrying a concealed weapon, § 564.610, RSMo. 1969, V.A.M.S., and sentence of three years imprisonment imposed by the court under the second offender act, § 556.-280, RSMo. 1969, V.A.M.S.

As error, appellant contends: (1) there was insufficient evidence of (a) intent, and (b) concealment; (2) the gun, seized in violation of his fourth amendment rights, was improperly admitted into evidence; and (3) error in the verdict-directing instruction.

The facts are simple and by in large undisputed. On August 27, 1974 at about 9 a. m., Detectives Stewart and Hawkins, while patrolling in an unmarked police car, noticed appellant, who was familiar to both officers, standing on the sidewalk on California Avenue in the City of St. Louis holding something white, which they later learned was a t-shirt. Drawing abreast of appellant, the officers observed him remove an object from his pocket, wrap it in the t-shirt, place it in the gutter, and walk away in a stooped position. Stopping the car, Officer Hawkins approached appellant while Stewart examined the object in the gutter. Discovering it was a pistol, Stewart called to Hawkins who placed appellant under arrest.

 "In testing the sufficiency of the evidence the facts and evidence and favorable inferences reasonably to be drawn therefrom must be considered in the light most favorable to the state and all evidence and inferences to the contrary must be disregarded." *State v. Achter,* 514 S.W.2d 825, 826[1] (Mo.App.1974); *State v. Strong,* 484 S.W.2d 657, 661[9] (Mo.1972); *State v. Sherrill,* 496 S.W.2d 321, 323[1] (Mo.App. 1973). Concerning the adequacy of proof of intent, appellant concedes that intent to conceal may be inferred from proof of concealment; *State v. Holbert,* 416 S.W.2d 129, 133[7] (Mo.1967); *State v. Jordan,* 495 S.W.2d 717, 720[7] (Mo.App.1973); but argues that there was no proof of concealment. This contention is without merit. Both officers testified they observed appellant before he removed the object from his pocket and until he did so it could not be seen. This, coupled with the fact the object taken from his pocket was shown to be a gun, sufficiently demonstrates concealment to make a submissible case. The cases cited

by appellant[1] involved defendants with exposed weapons when first observed by the police and are therefore inapposite. More closely in point is *State v. Davis,* 527 S.W.2d 724, 726[2] (Mo.App.1975), in which testimony that officers saw defendant take a gun "from the area of his pocket," was held sufficient to make a prima facie case of carrying a concealed weapon. Appellant's first allegation of error is denied.

█ Appellant next contends the gun was seized during an illegal search and thus improperly admitted in evidence. Though appellant correctly asserts there was no probable cause to believe he was committing a crime and he could not have been arrested or searched until the gun was discovered, the record reveals no arrest occurred until the gun was found in the gutter at the place where the officers saw him put it. No warrant was required to examine and seize the abandoned object. *State v. Jackson,* 476 S.W.2d 540, 542[1] (Mo. 1972); *State v. Tarantola,* 461 S.W.2d 848, 851[6] (Mo.1971); *State v. Stavricos,* 506 S.W.2d 51, 58[15] (Mo.App.1974). When it was determined the abandoned object was a gun, sufficient probable cause existed for appellant's arrest. The Fourth Amendment to the United States Constitution does not require that the police blindly ignore evidence cast into the street. Appellant's second point is denied.

█ Finally appellant urges that the verdict-directing instruction, MAI–CR 13.-10, was erroneous in that it submitted the issue of whether the gun was a dangerous and deadly weapon notwithstanding the admonition in the Notes on Use that the clause should be omitted when the weapon is a firearm.[2] The instruction as given imposed upon the State an additional burden. Although error, it favors defendant and reversal will not be granted for nonprejudicial deviation from MAI–CR.[3] *State v. Mills,* 521 S.W.2d 495, 497[4] (Mo.App.1975); *State v. Rice,* 511 S.W.2d 444, 445–6[2] (Mo. App.1974); *State v. Cox,* 508 S.W.2d 716, 723[12, 13] (Mo.App.1974). Though appellant's point is denied, we endorse the admonition in the concurring opinion in *State v. Mills, supra* at 497–8, that continued approval of deviations from MAI–CR holds the potential to eventually destroy the benefits of pattern instructions. Careless deviation, as found in the present case, is to be condemned. It is the responsibility of the trial court to correctly prepare verdict-directing instructions and though the error has not led to reversal, this duty must not be lightly taken.

The judgment is affirmed.

SIMEONE, P. J., and GUNN, J., concur.

to be dangerous weapons. Any other weapon would have to be found to be 'dangerous or deadly' and a paragraph Second should be used."

---

1. *State v. Tate,* 416 S.W.2d 103 (Mo.1967); *State v. Jordan,* 495 S.W.2d 717 (Mo.App. 1973).

2. MAI–CR 13.10 relating to the charge of "Carrying a Concealed Weapon" submits as the second element of the offense "that the [refer to weapon according to type] was a dangerous or deadly one, . . ." However in the Notes on Use the court is instructed to "Omit paragraph Second if the weapon is a 'firearm,' . . . which the statute declares

3. It should be noted that instructional deviations which impose additional burdens on the State are not in all cases excused as nonprejudicial. *See State v. Davis,* 540 S.W.2d 122 (Mo.App.1976).