**STATE of Missouri, Respondent,**

v.

**Ronald L. WILLIAMS, Appellant.**

**No. KCD28911.**

Missouri Court of Appeals, Kansas City District.

April 4, 1977.

Day Miller, Maysville, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

SHANGLER, Presiding Judge.

This appeal comes from an order which denied movant relief under Rule 27.26 from a judgment of consecutive terms of ten years and five years for burglary second degree and stealing.

The movant contends he was denied a fair trial because of ineffective assistance of counsel who, according to contention, failed to disqualify the trial judge and failed to interview alibi witnesses. At the 27.26 hearing, after evidence by the movant, the trial prosecutor and trial counsel for defendant, the court concluded the movant had not met his burden of proof and denied relief. We affirm that judgment.

On the issue of alibi witnesses, the evidence shows that trial counsel was appointed to defend the movant in August of 1973. While criminal trial pended, defendant

broke from the county jail, was captured and charged with escape. It befell trial counsel to represent the defendant for the jail break, and he was so occupied until December of that year, when the prosecution ended with a jury verdict against the defendant. There had been some casual mention by the defendant of alibi witnesses to the burglary and stealing charges, but they were never identified to counsel. At the conclusion of the escape litigation in December of 1973, counsel wrote movant for the names and addresses of the witnesses, but received no response until the following February. Then, within the month, counsel interviewed the witnesses and took their statements. They could not recall the events on the day in question, even had they been called upon to do so much earlier, and were not useful on the issue of alibi. This evidence shows reasonable diligence of trial counsel and no unfairness to the defendant. We agree with the judgment that movant failed his burden of proof on that issue.

The second point contends the failure of trial counsel to disqualify Circuit Judge Kenneth R. Lewis from the conduct of the burglary and stealing adjudication deprives him of a fair trial.

The evidence, taken most favorably to the judgment, shows that the burglary and stealing prosecutions were commenced in Livingston County, but because that venue was without an operative common jail, the defendant was held at Carroll County. His escape was from that confinement and the jail break was tried before Circuit Judge Lewis in Livingston County. At the request of the defendant, counsel obtained a change of venue from Livingston County for the trial of the burglary and stealing charges, but did not seek to disqualify Judge Lewis. The defendant did not specifically request his counsel to disqualify the judge, nor did he otherwise insist that be done—perhaps because counsel reassured defendant that Judge Lewis would give him a fair trial. The venue was changed to DeKalb County, within the judicial circuit served by Judge Lewis who then presided over the jury trial for burglary and stealing and by whose order the ten year and five year sentences were made to run consecutively.

The movant testified he had specifically instructed counsel that he did not choose to be tried the second time before Judge Lewis. This conversation could be construed to have taken place very shortly before the scheduled trial, and thus not timely for the formal request for disqualification then required by the rules of procedure. If this contention of ineffective assistance of counsel is to be understood also to mean that a diligent exercise of professional judgment in the circumstances would have undertaken disqualification even without request by the client, we do not believe such a lapse denied the defendant a fair trial. It may be that a prudent professional judgment would have avoided a criminal trial before the same judge who had presided at the recent conviction of the client on a related transaction—and thus have lessened the chance of imposition of consecutive sentences for the subsequent conviction, but we agree with the trial court that such a lapse does not prove the denial of a fair trial as a matter of law. *Johnson v. State*, 516 S.W.2d 500, 501[2, 3] (Mo.App.1974). The work of defense counsel was marked by professional diligence and loyalty at the trial and on the appeal which he then submitted on behalf of the defendant.

It is apparent that the movant here, until now, did not feel aggrieved by any lack of diligence or interest of his counsel in his cause. In fact, at the trial, his counsel twice inquired of the defendant on the record whether his services had been satisfactory, to which the defendant answered affirmatively. The evidence does not allow the inference that the defendant was prejudiced by the conduct of his counsel. Any disadvantage which the defendant now sees is only supposititious and does not meet his burden of proof. *Haynes v. State*, 534 S.W.2d 552, 554[4] (Mo.App.1976).

The judgment is affirmed.

All concur.