**STATE of Missouri, Plaintiff-Respondent,**

v.

**Randy OUSLEY, Defendant-Appellant.**

**No. 46573.**

Missouri Court of Appeals, Eastern District, Division Three.

April 3, 1984.

Michael Paul David, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant-appellant Randy Ousley was charged with the Class B felony of burglary in the first degree, § 569.160, RSMo 1978. The jury found the defendant not guilty of burglary first degree but guilty of trespass in the first degree and assessed punishment of six months. The defendant appeals sentence in accord with the verdict.

Defendant contests submissibility on the basis that there was insufficient evidence of identification and that part of the evidence of identification was erroneously admitted after a timely hearsay objection.

Our consideration of the issue of sufficiency of evidence is directed to whether the evidence, considered in a light most favorable to the state and all inferences therefrom, disregarding evidence to the contrary, is sufficient to make a submissible case. *State v. Cain*, 507 S.W.2d 437, 438 (Mo.App.1974). We view the record to ascertain whether the guilty verdict is supported by substantial evidence, *City of Kansas City v. Oxley*, 579 S.W.2d 113, 116 (Mo. banc 1979), which is evidence the jury could find the issue in harmony therewith. *State v. Gregory*, 339 Mo. 133, 96 S.W.2d 47, 51 (1936).

If we ignore the contested hearsay testimony which we will consider in Point Two, the evidence of the offense and the identification of the defendant was as follows. On February 1, 1982 at 1:30 A.M., Mr. Jones was sleeping in his cleaning establishment

located in the city of St. Louis. In part because of a two foot snowfall he spent the night in the store. He was awakened by a knocking noise which he determined to have been at the back door. He armed himself with a shotgun and saw the back door forced open. A person fell in with the door. When the person got up Mr. Jones shot him with the shotgun. He did not know whether he hit the individual or not but the person left. He called the police after observing through a window a body lying in the street. Two police officers came to the scene. One observed a single set of footprints in the snow from the back door leading to a fence. He also saw some blood drops beginning at the fence and more footprints leading to a larger area of blood on the ground. The second officer followed the footprints and blood drops north on Emily to Obear, east on Obear one-half block, then north through some yards to Gano. The path of blood drops led straight up to 2025 East Gano. The officer knocked at the door, identified himself as a police officer and was admitted by a lady who directed him to the defendant and three other persons in the basement of the building. Without objection the officer described the defendant to have wounds to his head, neck, shoulder and back. He described the wounds to be in "a shotgun type pattern" and opined he was hurt fairly seriously because he "had been shot with what appeared to be a shotgun." The defendant's shoes were wet and soaked. He was wearing a black jacket and there was a brown hood-scarf-type garment on the floor next to him which was wet with water and blood. Shortly thereafter Mr. Jones positively identified the jacket and hood-scarf as clothing the subject he shot at was wearing.

In summary, the evidence as to identification was that at 1:30 in the morning an individual wearing a jacket and hood was met inside Mr. Jones' store with a shotgun blast, a trail of blood and footprints blazed a winding trail from the store to a house several blocks distant in which the defendant was found in possession of a jacket and hood subsequently positively identified. Not only was this sufficient evidence of identification it was overwhelming evidence. *State v. Mills*, 521 S.W.2d 495, 497 (Mo.App.1975). The evidence not only established the identification of the defendant as the trespasser, it constitutes a testament to the skill of defense counsel considering the result at trial.

Defendant's second point on appeal contends that the court erred in allowing one of the police officers to testify that Mr. Jones told him at the scene that the person who came in was a Negro male. Mr. Jones had previously testified that he did not know if the person was male or female, black or white. The trial court overruled the defendant's hearsay objection on the basis that the identification statement was part of the res gestae, a recognized exception to the rule of evidence. *State v. Hook*, 432 S.W.2d 349, 353 (Mo.1968). We need not decide this point because even if we assume that the admission was improper we conclude that it was merely cumulative to other evidence fully proving the issue and not prejudicial. *State v. Bellah*, 603 S.W.2d 707, 710 (Mo.App.1980); *State v. Vernon*, 522 S.W.2d 312, 315 (Mo.App. 1975); *State v. Mills*, 521 S.W.2d 495, 497 (Mo.App.1975).

The hearsay testimony of the police officer was cumulative evidence of identification. As such its admission was harmless if not insignificant in view of Mr. Jones' in-court testimony identifying the jacket and hood together with the defendant who was suffering from gunshot wounds and was found at the end of the trail followed by the arresting officer.

We affirm.

REINHARD and CRANDALL, JJ., concur.