George **WILLIAMS**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. KCD 28726.

Missouri Court of Appeals, Kansas City District.

June 27, 1977.

Motion for Rehearing and/or Transfer Denied Aug. 5, 1977.

---

Eichner, Hollander & Platke, Toby H. Hollander, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Robert L. Presson, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and WASSERSTROM and TURNAGE, JJ.

TURNAGE, Judge.

George Williams was convicted of second degree murder and sentenced to serve 99 years in confinement.

On this appeal Williams asserts (1) he was denied adequate assistance of counsel; (2) the trial court unduly restricted Williams' counsel in the voir dire; (3) the tape-recorded admission by Williams was improperly admitted; and (4) the court erred in seating an alternate juror. Affirmed.

Williams' conviction resulted from the stabbing death of Lt. Harold Atkinson, a guard in the Missouri State Penitentiary. Williams was charged with this murder following his admission of the commission of this crime. On this appeal Williams does not challenge the sufficiency of the evidence to sustain his conviction. Suffice it to say Lt. Atkinson was found dead under a bunk in a cell in the Penitentiary. He had received approximately 69 stab wounds throughout his head, throat, chest and abdomen. As a result of the ensuing investigation, Williams was questioned and subsequently made his admission after receiving notice of his constitutional rights.

Williams first asserts he was denied the effective assistance of counsel in his trial because his counsel filed a motion for a change of venue from Cole County, but failed to accompany the motion with the required affidavits under § 545.490, RSMo 1969, and because his counsel failed to call Williams to testify during a hearing on his motion to suppress his tape-recorded admission.

The motion for change of venue was filed about three months after the murder and

about three months prior to the trial. The court overruled the motion because it did not comply with the law and Williams contends counsel should have refiled a proper motion in the three months remaining before his trial. He bases his claim that a change of venue motion should have been filed on the publicity concerning the crime in the Jefferson City newspapers.

With reference to the failure to call Williams to testify on the motion to suppress the tape recording, Williams states this deprived him of any possible evidence he would have had concerning the involuntary nature of the statement.

 Williams is represented by different counsel on this appeal than represented him at trial. No issue concerning ineffective assistance of counsel was raised in the motion for new trial and thus the issue is not preserved for review on this appeal. *State v. Angel*, 520 S.W.2d 687, 689[7] (Mo. App.1975). In *State v. Hedrick*, 499 S.W.2d 583, 586 (Mo.App.1973) this court stated:

"An allegation of ineffective assistance of counsel may be treated on direct appeal from the judgment of conviction, however, either as preserved in the motion for new trial under rule 27.20 or as plain error affecting substantial rights under Rule 27.20(c), where the allegations arise from isolated instances and the record as to each of them is fully developed. *State v. Phillips*, 460 S.W.2d 567, 569[3] (Mo. 1970); *State v. Bosler*, 432 S.W.2d 237, 238[1, 2] (Mo.1968)."

Williams has not requested this matter to be reviewed under Rule 27.20(c) as plain error. In addition, the matters complained of are not fully enough developed in this record to permit a ruling. However, Williams is free to file a motion under Rule 27.26 under which his complaint concerning the inaction of his counsel may be fully developed by evidence and may be ruled on with the benefit of evidence both from Williams and other witnesses. *State v. McClain*, 541 S.W.2d 351, 356[14, 15] (Mo. App.1976) fully explains the reasons this matter can be much more satisfactorily ruled following a motion under Rule 27.26.

Williams next complains of the court's action in denying his counsel the right to ask certain questions when counsel was asking members of the jury panel individual questions. Prior to the time counsel undertook his individual questioning, the trial court had informed the jury that Williams was charged with having killed Lt. Atkinson, and Williams had denied the charge. The court told the jury this raised an issue of fact which must be decided by the jury subject to instructions concerning the law which the court would give. The court further stated one of the instructions which would be given to them at the end of the case would advise them that the fact the defendant (Williams) had been charged with an offense is not evidence and it creates no inference that an offense was committed or that defendant was guilty. The court further stated the defendant is presumed to be innocent unless and until the jury, after their deliberations, finds him guilty. The panel was told this presumption of innocence placed upon the State the burden of proving beyond a reasonable doubt the defendant is guilty.

The court further informed the panel that if the evidence in the case left in their minds a reasonable doubt as to the defendant's guilt, then they must return a verdict of not guilty. The court then inquired of the panel if there were any who did not understand the instructions. No one responded to this inquiry. The court then inquired if anyone on the panel could not follow the instructions he had just stated they would be given. Again no one on the panel responded.

On this appeal Williams contends the trial court erred when it failed to allow Williams' counsel to pursue questions to individual members of the panel in four instances. In the first, counsel asked a panel member if she were familiar with the term "presumption of innocence." Counsel later inquired of a venireman: "Do you understand the State is required to prove the defendant is guilty beyond a reasonable doubt?" Again, counsel inquired of an individual: "Do you have any difficulty in pre-

suming defendant to be innocent?" In the final instance, counsel inquired of an individual venireman if he knew all of the elements of the crime charged must be proven and started to inquire as to the consequences of the failure to prove any element when he was interrupted by an objection.

In each of the above incidents the court refused to allow the question to be answered because the court had already advised the jury concerning the presumption of innocence, the burden of proof resting with the State, and the necessity to prove guilt beyond reasonable doubt. Williams now contends the court abused its discretion in refusing to allow the veniremen to answer such questions.

 "The trial court has considerable discretion in the control of voir dire examination and the appellate court will interfere only when the record shows a manifest abuse of that discretion." *State v. Mudgett*, 531 S.W.2d 275, 279[2, 3] (Mo. banc 1975). In view of the fact the trial court had previously advised the jurors concerning presumption of innocence, burden of proof and reasonable doubt, and had inquired if any would be unable to follow this instruction and had received a negative response, it was not an abuse of discretion to refuse to allow Williams' counsel to cover this same ground a second time. Furthermore, "the personal feelings of the veniremen for or against the rules referred to were immaterial unless with respect to those rulings they entertained views so unyielding as to preclude them from following the law under the court's instructions." *State v. Smith*, 422 S.W.2d 50, 68 (Mo. banc 1967). Counsel gave no indication he was seeking to develop whether or not the individual veniremen entertained unyielding views which would prevent the application of the court's instruction to them. No question is raised as to any limitation on counsel's individual questioning. This phase of the examination covers about 75 pages in the record and discloses a full examination of each panel member. The court did not abuse its discretion in refusing

to allow counsel to repeat the court's questions and the rules pertaining to burden of proof, presumption of innocence and reasonable doubt.

Williams next contends the State did not establish the requisite foundation for admission of Williams' taped admission. Williams correctly states that the Supreme Court in *State v. Spica*, 389 S.W.2d 35, 44 (Mo.1965) adopted a seven-point test to govern the admissibility of sound recordings in evidence. Of the seven elements to be considered, Williams complains that number 4, "a showing that changes, additions or deletions have not been made" was not met in this case and by reason thereof, the third element was not met which requires "establishment of the authenticity and correctness of the recording." Williams bottoms his claim solely on the testimony of Sgt. George Payne of the State Highway Patrol. An investigator with the Cole County Prosecutor's office was with Sgt. Payne when the tape recording was made. Sgt. Payne stated he operated the recorder. Near the beginning of the tape, the investigator stated the time was 11:23 a.m. A notation was made that the recorder was turned off at 12:07 p.m. This would, of course, mean the tape ran 44 minutes. At the request of Williams' counsel, the recording was played a second time in court after it was admitted in evidence for the purpose of timing the length it ran. When timed, the tape ran 36 minutes and 15 seconds.

Sgt. Payne stated the beginning time was noted by use of a clock on the wall and the ending time was noted from his own wrist watch. He further stated the time noted as the beginning time was not actually the time at which the recorded admission of Williams began, but was the time at which Williams was asked to sign a waiver of his constitutional rights and the actual questioning did not begin for several minutes thereafter. Beyond those factors, Sgt. Payne stated he could not explain the discrepancy between the time noted and the actual running time of the tape. However, Sgt. Payne stated that no changes, additions or deletions had been made in the tape

and the recorder had not been shut off from the time it was turned on at the beginning of the statement until its completion. He stated the tape as played in court was authentic and correct. He identified the voice of Williams and the other voices audible on the tape.

Williams does not point to any evidence to show that any change, addition or deletion has been made in the tape, but contends only the time discrepancy alone demonstrates some change had been made in the tape. In view of the testimony of Sgt. Payne, it cannot be said the State failed to prove the seven elements required in *Spica* to show the admissibility of this tape. Williams does not point to any evidence to demonstrate any change had been made and the discrepancy in time was adequately explained by Sgt. Payne to overcome that objection.

Williams lastly contends the court erred in excusing one of the regular jurors and seating an alternate as a regular juror prior to the end of the trial. This resulted when the court became aware that one of the jurors was under the age of 21. Williams founds his argument on §§ 494.050 and 494.065, RSMo 1969. The first section provides no exception to a juror on account of his age shall be allowed after the juror is sworn. The latter section provides an alternate juror shall replace a juror who becomes unable or disqualified to perform his duties prior to the time the jury retires. Williams argues the underage juror did not become unable or disqualified after the jury was sworn, but his disability existed from the very beginning of the trial. He draws the conclusion the court was not authorized under the mentioned sections to excuse the regular juror and to seat the alternate. Williams makes no effort to demonstrate any prejudice flowing from the action of the court. In *State v. Reynolds*, 422 S.W.2d 278, 284[9] (Mo.1967) the court held the burden to demonstrate prejudicial error in the seating of an alternate juror had not been met and refused to grant relief. In this case, in the absence of any showing of prejudice to Williams in the seating of the alternate juror, no relief can be granted.

The judgment is affirmed.

All concur.