**STATE of Missouri, Respondent,**

v.

**Carl FLETCHER, Appellant.**

**No. 62049.**

Supreme Court of Missouri,
En Banc.

July 14, 1981.
Rehearing Denied July 29, 1981.

**58**

Lee Nation, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Paul R. Otto, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM:

This is a direct appeal from the Circuit Court of Jackson County where appellant was convicted of kidnapping, rape, robbery first degree, and armed criminal action. He was sentenced to fifteen years each for the kidnapping and rape convictions, thirty years for robbery, and life imprisonment for armed criminal action. It is the sentence for armed criminal action that provides this Court with exclusive appellate jurisdiction. Mo.Const. Art. V, § 3.

As appellant does not challenge the sufficiency of the evidence to support his convictions, it suffices to say that the state's evidence showed that appellant was one of two black males who approached the victim's van as the victim and her eight-year-old daughter left a dance class, and who asked for a ride under the guise of needing gasoline for their motorcycle. When the victim consented to this request, one of the men pulled a gun, and told the victim that if she made a false move, she would be killed. The robbery, rape, and kidnapping charges arose from incidents occurring in the van later that evening as the victim was forced to drive around Kansas City. The armed criminal action charge stemmed from the rape.

■ Appellant first maintains that under *Sours v. State*, 593 S.W.2d 208 (Mo. banc 1980), *vacated, Missouri v. Sours*, 446 U.S. 962, 100 S.Ct. 2935, 64 L.Ed.2d 820 (1980), *on remand Sours v. State*, 603 S.W.2d 592 (Mo. banc 1980), *cert. den., Missouri v. Sours*, —— U.S. ——, 101 S.Ct. 953, 67 L.Ed.2d 118 (January 26, 1981), his armed criminal action conviction must be reversed. Appellant is correct.

Appellant next alleges error in the submission of several instructions charging appellant with acting in concert with another. The particular instructions complained of were:

No. 11: "As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

"First, that on or about May 17, 1979 a certain person with the aid or attempted aid of defendant committed the offense of kidnapping of Rose Mary Davis, and

"Second, that the defendant, either before or during the commission of the offense of kidnapping with the purpose of promoting its commission aided such other person in committing that offense, and

"Third, that on or about May 17, 1979 in the County of Jackson, State of Missouri, the defendant or a certain person removed Rose Mary Davis from 6614 Blue Ridge Blvd., and

"Fourth, that such removal was without the consent of Rose Mary Davis by means of forcible compulsion, and

"Fifth, that the defendant or a certain person removed Rose Mary Davis for the purpose of facilitating the commission of rape,

then you will find the defendant guilty under Count I of kidnapping.

"However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

"If you do find the defendant guilty under Count I of kidnapping, you will assess and declare the punishment at imprisonment for a term of years fixed by you but not less than five years and not to exceed fifteen years."

No. 12: "As to Count I, if you do not find and believe from the evidence beyond a reasonable doubt that on or about May 17, 1979 in the County of Jackson, State of Missouri, the defendant or a certain person removed Rose Mary Davis from 6614 Blue Ridge Blvd., you must find the defendant not guilty under Count I of kidnapping."

No. 15: "As to Count III, if you find and believe from the evidence beyond a reasonable doubt:

"First, that on or about May 17, 1979 a certain person, armed with a deadly weapon, with the aid or attempted aid of defendant committed the offense of robbery in the first degree of Rose Mary Davis, and

"Second, that the defendant, either before or during the commission of the offense of robbery in the first degree with the purpose of promoting its commission, aided such other person in committing that offense, and

"Third, that on or about May 17, 1979 in the County of Jackson, State of Missouri, the defendant or a certain person stole miscellaneous United States Currency in the charge of Rose Mary Davis, and

"Fourth, that the defendant or a certain person in doing so threatened the immediate use of physical force on or against Rose Mary Davis for the purpose of preventing resistance to the taking of the property, and

"Fifth, that in the course of stealing the property, the defendant or a cer-

tain person, a participant with the defendant in the crime, was armed with a deadly weapon,

then you will find the defendant guilty under Count III of robbery in the first degree.

"However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

"If you do find the defendant guilty under Count III of robbery in the first degree, then you will assess and declare the punishment at:

"1. Life imprisonment, or

"2. Imprisonment for a term of years fixed by you but not less than ten years and not to exceed thirty years."

No. 16: "As to Count III, if you do not find and believe from the evidence beyond a reasonable doubt that on or about May 17, 1979 in the County of Jackson, State of Missouri, the defendant or a certain person stole miscellaneous United States Currency in the charge of Rose Mary Davis, you must find the defendant not guilty under Count III of robbery in the first degree."

Appellant argues that the insertion of the phrase "a certain person" in the instructions was error in that it tended to negate his alibi defense, i. e., the jury could have accepted his defense yet still have returned a verdict of guilty on the ground that the instruction directed them to find appellant guilty if some other "certain person" committed the acts described.

■ We find no error in the use of the phrase "a certain person." The phrase is specifically provided for in MAI–CR 2.12. The converse instructions similarly conform. We note also that instructions 11 and 15 required the jury to find not merely that another certain person committed the offense, but that the appellant aided or attempted to aid that other person. Moreover, the jury was instructed on appellant's alibi defense and it is axiomatic that in determining whether a particular instruction is erroneous, all instructions must be

read together. *State v. Sallee,* 436 S.W.2d 246, 252 (Mo.1969).

■ Appellant's third point is that the trial court erred in substituting an alternate juror for a principal juror who, as it turned out, was only temporarily unavailable at the start of the trial. Appellant maintains that § 494.065, RSMo 1978, which provides for the replacement by alternate jurors of jurors who "become or are found to be unable or disqualified to perform their duties," requires more than mere temporary unavailability before a juror can be replaced. Without deciding this contention, relief cannot be granted where appellant has failed to demonstrate how he was prejudiced by the trial court's action. *Williams v. State,* 558 S.W.2d 671, 675 (Mo.App.1977). Appellant contends that the substitution of the alternate juror "tainted" the "integrity of the principally selected jury, one agreeable to both parties * * *." We disagree. Section 494.065 specifically requires that alternate jurors be selected in the same manner, have the same qualifications, and be subject to the same examination as principal jurors. We find no reversible error in the substitution of the juror in this case.

■ Appellant next complains of the introduction into evidence of a photograph of appellant taken after a traffic arrest on the day following the incidents for which appellant was convicted in this case. Appellant argues that since the victim testified at trial that the photograph was not one she had looked at when identifying the appellant for the police, but was only similar to photographs she had looked at, the photograph was not relevant. The trial court abused its discretion, appellant contends, by admitting the photograph which tended to show a prior police record. In *State v. Crossman,* 464 S.W.2d 36, 41 (Mo.1971), Division II of this Court held that the admission of "mug shots" of the defendant where those portions of the pictures containing police information such as serial numbers were blacked out was not prejudicial. In this case, the photograph contained none of this type of information to begin with. Whether relevant or not, we fail to see how

the introduction of the photograph of appellant was prejudical and amounted to a clear abuse of the trial court's discretion.

During the trial, the victim testified that one of her two assailants was riding an unusual gold motorcycle. Appellant contends that the trial court erred in admitting the testimony of a police officer who testified that the police had located a motorcycle which matched the victim's description and discovered that it belonged to a relative of appellant's. Appellant claims that the officer's testimony that the relative told police he loaned the motorcycle to appellant—evidence crucial, appellant says, to linking appellant to the motorcycle—was prejudicial hearsay.

■ "Admission of objectionable hearsay evidence will not constitute reversible error if, as a matter of law, it can be concluded that such hearsay is merely cumulative to other evidence fully proving the issue." *State v. Mills,* 521 S.W.2d 495, 497 (Mo.App. 1975). We can make such a conclusion here, as the victim identified a state's exhibit as a picture of the motorcycle she saw the night of the crimes and a police officer testified that the same exhibit was a photograph of the motorcycle appellant was riding when arrested, and that the photograph was taken at the appellant's relative's house.

The judgment is reversed as to the armed criminal action conviction and affirmed as to the rape, robbery, and kidnapping convictions.

DONNELLY, C. J., and SEILER, WELLIVER, MORGAN, HIGGINS and BARDGETT, JJ., concur.

RENDLEN, J., concurs in part and dissents in part in separate opinion filed.

RENDLEN, Judge, concurring in part and dissenting in part.

I join the majority in its affirmance of defendant's convictions for kidnapping, rape and robbery first degree. However, I dissent to that portion of the majority opinion reversing defendant's conviction of armed criminal action for the same reasons set

forth in my dissenting opinion in *State v. Haggard,* 619 S.W.2d 44, decided this date. It should be noted that the sentence imposed for defendant's armed criminal action conviction was life imprisonment, while the punishments assessed on the other crimes were 15 years each for rape and kidnapping and 30 years for robbery.