STATE of Missouri, Respondent,

v.

John William PIERCE, Appellant.

No. 44867.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 26, 1983.

Claude Hanks, Creve Coeur, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty. St. Louis, for respondent.

SMITH, Judge.

Defendant appeals from his jury conviction of two counts of second degree arson and the resultant one year and five year consecutive sentences. We affirm.

Defendant's first challenges are to the sufficiency of the evidence to support the verdicts. His argument is based predominately on his evaluation of the lack of credibility of two men who participated in the setting of the fires. Credibility is a matter for resolution by the jury. Nothing in the testimony of these witnesses establishes their non-credibility as a matter of law. We review the evidence from the standpoint most favorable to the state including the testimony of the co-participants.

The first count involved a fire on the premises of defendant's neighbor. There had been some disputes and altercations between the persons residing in the two houses. The neighboring family was black and defendant, his family, and those living in his residence were white. The evidence would support a conclusion that some racial animosity existed on defendant's part. On the night of the first fire defendant offered two young men temporarily residing with him one hundred dollars if they would throw fire bombs through the window of his neighbor's home. His expressed reason

was to "burn them out." He also advised how to make the bombs and furnished some of the materials. The young men (plus one other, defendant's nephew)[1] accepted the offer but instead threw the bombs onto the neighbor's porch because they feared injury might result to the inhabitants if the bombs were thrown into the house. The resultant fire was easily extinguished by the neighbor but did cause damage to the porch. Defendant was dissatisfied with the result but paid the young men thirty dollars and promised the rest when the job was "done right." The evidence was sufficient to establish that defendant aided in knowingly damaging a building by starting a fire and so was sufficient to support the verdict on Count I. §§ 569.050, 562.036, 562.041, RSMo 1978; *State v. Rife,* 619 S.W.2d 900 (Mo.App.1981) [10, 11].

The fire alleged in Count II occurred in defendant's residence within a few days of the first fire. The house was owned by defendant's lawyer, having been recently acquired by him from defendant in payment of prior legal fees. Defendant stated to the two young men that since he couldn't burn his neighbor out in view of the police investigation of the prior fire, he would burn his own residence, collect the insurance money and blame his neighbor. Defendant and the two boys spread gasoline throughout the house, prepared a simple incendiary timing device and left the house. While firemen were fighting the fire defendant returned to the scene and made some statements consistent with his pre-stated plan. There was no evidence or contention that the owner of the premises consented to the burning. *See* § 569.050, RSMo 1978. The evidence was sufficient to establish the defendant's participation in the knowing damage to his residence by starting a fire and so was sufficient to support the verdict on Count II.

Defendant next complains of testimony by a police officer that, following statements made by the co-participants, he charged defendant with arson. Defendant contends the testimony was prejudicially erroneous under *State v. DeGraffenreid,* 477 S.W.2d 57 (Mo. banc 1972); *State v. Chernick,* 278 S.W.2d 741 (Mo.1955); and *State v. Valentine,* 587 S.W.2d 859 (Mo. banc 1979).

Defendant made no objection at the time the testimony first occurred. His objection came when it was repeated. As such we review it as plain error. Conceding that the testimony was improper we find no prejudice requiring reversal. Prior to the police officer's testimony, one of the co-participants had testified at length to what he had told the police during interrogation. The other young man subsequently testified to the same thing. Both were subject to extensive cross-examination concerning those statements. *Degraffenreid, supra,* was an identification case, and the police officer's testimony was found to bolster the testimony of the only eyewitness. Because of the particular facts involved the testimony was found to be prejudicial. That it is not automatically so is pointed out in Judge Finch's concurring opinion joined by a majority of the court. We are unable to find any improper bolstering in the case before us. We cannot conclude that a jury which heard the direct and cross-examination of the two co-participants would give their testimony greater credence because a police officer charged the defendant after hearing the same story. In *Chernick, supra,* and *Valentine, supra,* the actions of the testifying law enforcement personnel were utilized to cause the jury to draw an inference of the probable hearsay statements of the co-participants, who did not testify. Here the co-participants testified extensively on direct and cross-examination of their statements after arrest. We cannot find here the prejudice apparent in the cases relied on by defendant. *State v. Ball,* 622 S.W.2d 285 (Mo.App.1981) [11].

Defendant next objects to allowing late endorsement of a witness. The failure

---

1. The nephew testified on defendant's behalf that his uncle was not involved in the fire bombing.

to endorse was an oversight; the name of the witness had been revealed to defendant in discovery more than six months prior to trial. The trial court gave defense counsel as much time as needed to interview the witness, and counsel expressed his satisfaction that he had had all the opportunity necessary to interview the witness. The trial court excluded most of the testimony sought by the prosecution from the witness on the basis of a lack of foundation. We find no abuse of the court's discretion.

 Defendant's final point is that the trial court erred in failing to declare a mistrial after learning of a newspaper article pertaining to the trial which appeared during the trial. The court questioned the jury at some length of its knowledge of such article. It was satisfied that no juror had seen the article and nothing in the record would cause us to question that satisfaction. We find no error in the court's handling of the matter.

Judgment affirmed.

PUDLOWSKI, P.J., and KELLY, J., concur.