**STATE of Missouri, Respondent,**

v.

**Walter L. WILLIAMS, Appellant.**

No. 45876.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 30, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied Oct. 12, 1983.

Application to Transfer Denied
Nov. 22, 1983.

Henry B. Robertson, Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Appellant, Walter L. Williams, was convicted in a jury trial of robbery in the first degree, § 569.020, RSMo (1978). He was sentenced to twenty-two years' imprisonment as a persistent offender pursuant to § 558.016, RSMo (1978). This appeal ensues. We affirm.

Since appellant does not challenge the sufficiency of the evidence, we will briefly review the facts in a manner most favorable to the verdict. On July 5, 1981, appellant and Jerome McCloud robbed Father John Weishar at gunpoint while he was walking to work at Firmin Desloge Hospital. Appellant and McCloud were arrested together shortly thereafter. Certain items of personal property belonging to Father Weishar were recovered from McCloud by the police. At the time of his arrest, appellant was observed making a jerking motion toward the ground, where certain other items of Father Weishar's personal property and a pellet gun were recovered by the police. Father Weishar identified appellant and McCloud as his assailants.

The single issue presented on appeal concerns the substitution of an alternate juror for one of the regular jurors. Appellant contends that the trial court erred by overruling appellant's motion for a mistrial upon the substitution of the alternate juror, because the court had already "discharged" the alternate. In the alternative, appellant contends that the trial court erred in denying defense counsel's request to voir dire the alternate when she was recalled. A brief rendition of the factual background is necessary to clarify these contentions.

Pursuant to § 494.065, RSMo (1978),[1] an alternate juror was impaneled. After closing argument the case was submitted to the jury and the alternate was discharged. Because it was near the noon hour, the jurors were to be taken to lunch before beginning their deliberations. Within a few minutes of the jury's departure, the deputy sheriff informed the trial judge that one of the regular jurors had become ill. After quickly determining that the juror would be unable to deliberate, the judge recalled the alternate who was still in the hallway outside the courtroom. The judge explained the situation to her and informed her that, in light of the illness of the regular juror, he felt compelled to have her replace the regular juror. The alternate expressed initial annoyance because the juror had not spoken sooner and also told the judge that she had scheduled a telephone repairman to work at her house that afternoon. Nevertheless, after being granted leave to reschedule the appointment, the alternate replaced the regular juror.

1. Section 494.065 provides in pertinent part:
   Alternate jurors, in the order in which they are called, shall replace jurors who, prior to the time the jury retires to consider its verdict, become or are found to be unable or disqualified to perform their duties. Alternate jurors shall be selected in the same manner, shall have the same qualifications, shall be subject to the same examination and challenges, shall take the same oath and shall have the same functions, powers, facilities and privileges as the principal jurors. Alternate jurors who do not replace principal jurors shall be discharged after the jury retires to consider its verdict.

Appellant argues that the statute permits a regular juror to be replaced by an alternate only before the jury retires to consider its verdict. We agree that there was a deviation from the precise dictates of § 494.065, RSMo (1978). We disagree that such a deviation is per se prejudicial. Such an interpretation would frustrate the purpose of selecting an alternate juror, which is to avoid a mistrial and the resultant waste of resources in re-trying a case.

Relief will not be granted for violation of the statute unless appellant can demonstrate prejudice. *State v. Fletcher,* 619 S.W.2d 57, 60 (Mo. banc 1981); *Williams v. State,* 558 S.W.2d 671, 675 (Mo.App.1977). An alternate juror is selected and qualified in the same manner as a regular juror. § 494.065, RSMo (1978). There was no evidence in this case that the alternate's impartiality had been tainted by any out-of-court conversations between the time of her "discharge" and her recall a few minutes later. Of primary importance is that, although the jurors had "retired," they had not retired to consider their verdict. Deliberation on the case was not to begin until after lunch. Therefore, appellant still had the benefit of the full deliberation of twelve qualified and impartial jurors. We therefore hold, under the facts of this case, that the alternate did not lose her status as an alternate merely because she was technically "discharged" prior to her recall. The error, if any, was the premature discharge of the alternate before the jury actually began its deliberation. In that regard, we hold that appellant has failed to demonstrate prejudice.

In the alternative, appellant argues that he was prejudiced when the court refused to allow his counsel to voir dire the alternate juror when she was recalled to serve as a regular juror. The thrust of this argument is that the juror may have somehow become incompetent during the time between her discharge and recall. Appellant asserts that he had a right to question the juror to ensure continued competence, and that denial of an opportunity to question the juror was, in itself, prejudicial. We disagree.

Assuming, without deciding, that there was a need for some further questioning, we fail to see how this was not adequately done by the court. The record shows that the court explained the reasons for its action to the alternate, who understood and acquiesced. In addition, the record reveals no indication of any improper communication with the juror.

The trial court possesses broad discretion in the conduct of voir dire. *State v. Lumsden,* 589 S.W.2d 226, 229 (Mo. banc 1979), *cert. denied,* 446 U.S. 984, 100 S.Ct. 2967, 64 L.Ed.2d 841 (1980). A reviewing court will not interfere unless there has been a manifest abuse of that discretion. *Id.* In this instance, the alternate juror had been accepted after voir dire, and the judge satisfied himself that she was still competent. We find no error in the court's handling of the matter. *Cf. State v. Pierce,* 652 S.W.2d 230 (Mo.App.1983).

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.