STATE of Missouri, Respondent,

v.

David SIMMONS, Appellant.

No. 48441.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 9, 1984.

Motion for Rehearing and Transfer Denied
Nov. 20, 1984.

Application to Transfer Denied
Dec. 18, 1984.

### ORDER

Henry Robertson, St. Louis, for appellant.

John Munson Morris, Jefferson City, for respondent.

REINHARD, Chief Judge.

Defendant appeals after a conviction for arson in the first degree, a violation of § 569.040, RSMo.1978, and a subsequent sentence of ten years imprisonment. We affirm.

Defendant contends only that the state failed to make a submissible case. In reviewing the record we accept as true all evidence tending to prove defendant guilty, together with all reasonable inferences supportive of the verdict. *State v. Brooks,* 618 S.W.2d 22, 23 (Mo. banc 1981). The evidence established that on August 18, 1983, at approximately 7:00 p.m., defendant went to a house on Lee Avenue in the City of St. Louis to see his girlfriend, Terry Gurlly. Defendant had been drinking and Terry refused to allow him in the house. After accusing her of waiting there to see another man, he cursed her, threw a bottle against the house, threatened he was going to set the house on fire and left. A short time later, Terry's mother saw flames. Terry went to the back door and discovered the porch was on fire. As Terry extinguished the fire with several pots of water, she could hear defendant outside saying, "You didn't think I was going to do it."

The police and fire department were summoned. Defendant told a police officer:

I don't lie, they paid me to do it. I did it but they're just as guilty as I am. They're paying me $1500 to burn it.... She handed me a dollar to go buy the gas at the Clark station.... [T]he lady that lives there ... she did it for the insurance money.

Mrs. Gurlly testified she rented the house and had no insurance on the premises. A beer bottle, of the same brand out of which defendant was drinking earlier in the evening and which contained gasoline, was found next to the porch steps. A burned match and matchbook from a Tupelo, Mississippi restaurant, similar to one which was seen in the possession of defendant's mother three days earlier, was found nearby.

Terry Gurlly testified that the porch, steps, screen door and the exterior wall of the house were burned. Ronda Gurlly testified that the kitchen linoleum floor was burned. Detective Griggs testified that the fire charred the threshold of the back door. Samples of charred wood taken from the threshold were admitted into evidence.

Section 569.040.1, RSMo.1978, provides:

[A] person commits the crime of arson in the first degree when he knowingly damages a building or inhabitable structure and when any person is then present or in near proximity thereto, by starting a fire or causing an explosion and thereby recklessly places such person in danger of death or serious physical injury.

Defendant contends there was no evidence an "inhabitable structure" was damaged, only the porch. He contends a porch is not an inhabitable structure. "Inhabitable structure" is defined in § 569.-010.(2), RSMo.1978, to include

a ship, trailer, sleeping car, airplane, or other vehicle or structure:

(a) where any person lives or carries on business or other calling; or

.    .    .    .    .

(c) which is used for overnight accommodation of persons. Any such vehicle or structure is "inhabitable" regardless of whether a person is actually present.

It is an essential element of arson that the fire be actually communicated to the building. *State v. Kelso,* 617 S.W.2d 591, 594 (Mo.App.1981). In *State v. Witham,* 281

S.W. 32, 34 (Mo.1926), the Supreme Court stated:

There must be an actual burning of the property or some part of it.... Thus, setting fire to paper or other combustible matter in the house, without burning the house, is not arson. But if any part of the house, however trifling, be burnt, though the fire be afterward extinguished, it is sufficient.

If fire actually spreads to the wooden structure, arson occurs regardless of how minor the damage. *State v. Kelso*, 617 S.W.2d 591, 594 (Mo.App.1981).

 We find no merit to defendant's contention for two reasons. First, there was evidence that apart from the porch, the wooden structure of the house was burned. The threshold was charred and the exterior wall of the house was burned. No matter how slight this damage, it constituted "damage to an inhabitable structure" within the meaning of Section 569.040. *State v. Kelso*, 617 S.W.2d 591, 594 (Mo.App.1981).

 Second, in *State v. Pierce*, 652 S.W.2d 230 (Mo.App.1983), defendant was charged with two counts of arson in the second degree, § 569.050, RSMo.1978, which also contains a requirement that defendant knowingly "damage a building or inhabitable structure." Defendant contended the state's evidence failed to make a submissible case. There this court stated:

The young men ... threw the bombs onto the neighbor's porch because they feared injury might result to the inhabitants if the bombs were thrown into the house. The resultant fire was easily extinguished by the neighbor but *did cause damage to the porch*.... The evidence was sufficient to establish that defendant aided in knowingly damaging a *building* by starting a fire and so was sufficient to support the verdict on Count I. (emphasis added).

652 S.W.2d at 232.

Thus, *Pierce* stands for the proposition that the burning of a porch attached to a building constituted damage to the building within the meaning of the arson statute. We believe it follows that the burning of a porch attached to an "inhabitable structure" constitutes the burning of an "inhabitable structure." The state made a submissible case.

Affirmed.

KAROHL, P.J., and CRANDALL, J., concur.