**STATE of Missouri, Respondent,**

v.

**Bryan K. PHELPS, Appellant,**

No. 50121.

Missouri Court of Appeals,
Eastern District,
Division Nine.

July 22, 1986.

Motion for Rehearing or Transfer to
Supreme Court Denied Aug. 20, 1986.

Application to Transfer Denied
Sept. 16, 1986.

Kathleen M. Markie, Office of the State Public Defender, Columbia, for appellant.

Lee A. Bonine, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Defendant, Bryan K. Phelps, was convicted, after a jury trial of two counts of receiving stolen property of a value of at least $150.00. He was sentenced as a prior offender to consecutive terms of imprisonment of five years on each count. This appeal follows. We affirm.

The evidence supports defendant's convictions. A review of the record discloses substantial evidence from which a jury could reasonably conclude that defendant knowingly attempted to sell stolen property to a police informant on two occasions.

Defendant raises three points on appeal: (1) the trial court erred in striking for cause a venireperson; (2) the trial court committed plain error in submitting MAI–CR 2.20 which defines reasonable doubt; and (3) the trial court abused its discretion in overruling defendant's motion for mistrial when a witness testified that he got defendant's address from "previous arrest information."

Defendant first contends that the trial court erred in sustaining the state's motion to strike for cause Venireperson Judy Carver because there was no "justifiable reason why she could not be a fair and impartial juror". At the voir dire examination on behalf of the state the following exchange took place:

[PROSECUTOR]: State expects that we will call a person who is commonly referred to as a police informant to testify in this case. And the question I'm going

to ask all of you is if anyone here has any personal objection to the Police Department's using paid informant's in the investigation of criminal cases? I take it from your silence no one here has a personal objection to the police use of paid informants.

Anyone here who would give less weight to that person's testimony simply because, without knowing anything else about the person, but simply because that person is a paid police informant? I take it from you—Okay. You are?

[VENIREPERSON]: Judy Carver.

[PROSECUTOR]: And Miss Carver, do you believe you would give less weight to their testimony not knowing anything else about the case or the person—

[VENIREPERSON CARVER]: It's possible.

[PROSECUTOR]: But simply because they were paid informants?

[VENIREPERSON CARVER]: It's possible.

[PROSECUTOR]: Do you believe that would cause you to be less—your feelings about that would cause you to be less than fair in this case to the State?

[VENIREPERSON CARVER]: (Nodded.)

[PROSECUTOR]: Yes?

[VENIREPERSON CARVER]: Yes.

[PROSECUTOR]: If they presented testimony like that?

[VENIREPERSON CARVER]: Yes.

Later, when defense counsel tried to rehabilitate Carver, the following exchange took place:

[DEFENSE COUNSEL]: Mrs. Carver, can you explain to me and the Court why you believe that might influence your ability to sit as a juror in this case?

[VENIREPERSON CARVER]: I feel that if a person is paid to come forward with this testimony that I wouldn't maybe consider it all the truth.

[DEFENSE COUNSEL]: Okay. The Judge will tell you that you are to judge the credibility of the witnesses as you see him or her testify. Do you think you could follow that instruction?

[VENIREPERSON CARVER]: Yes.

[DEFENSE COUNSEL]: Okay. Do you think you could follow all the instructions of the Court in this case? You haven't seen any of them yet, but I believe the Judge did read one or two instructions. Do you think you could follow the instructions given by the Court?

[VENIREPERSON CARVER]: Keep a fair and open mind, yes.

[DEFENSE COUNSEL]: Okay. Thank you.

The State subsequently made a motion to strike Venireperson Carver for cause and the following occurred:

[PROSECUTOR]: I'd request to—request to strike Judy Carver, juror listed number six on my sheet, for cause in that she testified that she had a problem if a paid informer testified and she testified under my examination that she would be less than fair and impartial to the State because of the fact that we had a paid informant and request to strike her for cause due to that.

[DEFENSE COUNSEL]: I think she was properly rehabilitated. Stated she could follow the instructions of the Court and judge the credibility of the witnesses as they testified and thought she could be fair and impartial.

[THE COURT]: Going to strike Juror Carver for cause, number six.

Generally, "[T]he trial court possesses broad discretion in the conduct of voir dire." *State v. Williams,* 659 S.W.2d 298, 300 (Mo.App.1983). The trial court's "... ruling on a motion to strike will not be disturbed [on appeal] absent a clear abuse of discretion and real probability of injury to the complaining party." *State v. Leipus,* 675 S.W.2d 896, 898 (Mo.App.1984).

In the present case, Venireperson Carver indicated that she would give less weight to the testimony of a paid informant. She also stated that her bias against paid informants would cause her to be less than fair to the State. The trial court then could have reasonably concluded that Venireperson Carver would not have been a fair and

impartial juror. Thus, the trial court did not abuse its discretion in sustaining the State's challenge for cause. Defendant's first point is denied.

We have reviewed the remaining two allegations of trial court error. No jurisprudential purpose would be served by a written opinion on these points. They are therefore denied pursuant to Rule 30.25(b).

The judgment of the trial court is affirmed.

CRIST and KAROHL, JJ., concur.