**STATE of Missouri, Respondent,**

v.

**Bobby SKELTON, Appellant.**

**Bobby SKELTON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 59286, 61704.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 23, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 3, 1993.

**34**

Lew A. Kollias, Brad Baker, Craig A. Johnston, Columbia, for appellant.

William L. Webster, Atty. Gen., Michael J. Spillane, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Presiding Judge.

Defendant appeals from his conviction for driving while intoxicated in violation of § 577.010 RSMo.1986. The court found that defendant was a persistent offender under § 577.023.1(2) and imposed a five-year sentence to run consecutively to a sentence defendant was already serving.

Defendant does not challenge the sufficiency of the evidence. On April 21, 1985, Officer David Bauer saw defendant drive his pick-up across the center line towards on-coming traffic. While following defendant, Officer Bauer observed him roll through stops and fail to stay in his traffic lane. At one point a car in the on-coming traffic lane had to drive up on the sidewalk to avoid defendant. Officer Bauer then pulled defendant over.

Officer Bauer had defendant step out of the pick-up. The officer observed that defendant's eyes were bloodshot and glassy, he smelled of alcohol, his speech was slurred, and he had to lean against the pick-up for support. Officer Bauer arrested defendant for DWI based on defendant's driving and demeanor. Officer Bauer took defendant to the police station to administer field sobriety tests because the surface and lighting conditions at the station were better. Defendant failed the three sobriety field tests given by the officer: reciting the alphabet, walking heel to toe, and touching his fingers to his nose. Officer Bauer questioned defendant and asked him to submit to a breathalizer test, which defendant refused to take.

Defendant was charged with driving while intoxicated as a persistent offender. The information pled that defendant had two prior pleas of guilty to intoxication-related traffic offenses in 1988. Defendant was convicted by a jury.

■ Defendant's first point argues that the court erred in finding him to be a persistent DWI offender because the State only proved two prior intoxication-related traffic offenses when it had to prove three.

We agree. Section 577.023.1(2) provides, "a 'persistent offender' is one who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses committed at different times within ten years of a previous intoxication-related traffic offense conviction." Our Supreme Court has interpreted this to mean that § 577.023.1(2) must involve a total of three offenses prior to the one at bar. *State v. Stewart*, 832 S.W.2d 911, 913 (Mo. banc 1992). Here the State pled two prior convictions. At most, defendant could be found to be a prior offender under § 577.023.1(3), which requires the State to plead two prior offenses. *Stewart*, 832 S.W.2d at 914. The significance of the prior offender and persistent offender provisions is that they enhance the class of the offense at bar upon a conviction or plea of guilty to driving while intoxicated or driving with excessive blood alcohol content. For persistent offenders, the charge is enhanced to a Class D felony for which a court may impose a sentence of up to five years, § 558.011.1(4), and a fine of up to $5,000, § 560.011(1). *State v. Collins*, 849 S.W.2d 228, 229 (Mo.App.W.D.1993). For prior offenders the charge is enhanced to a Class A misdemeanor for which a court may impose a maximum sentence of up to one year, § 558.011.1(5), and a fine of up to $1,000, § 560.016(1). Under the facts in this case, the trial court could have at most sentenced defendant as a prior offender to up to one·year. The court's finding of persistent offender status and imposition of a five year sentence was erroneous.

■ Defendant next complains that the trial court erred in curtailing his voir dire examination. We disagree. The purpose of voir dire is to enable each party to participate in the selection of a fair and impartial jury and to that end, wide latitude is allowed in the examination of the panel. *State v. Smith*, 649 S.W.2d 417, 428 (Mo. banc) *cert. denied*, 464 U.S. 908, 104 S.Ct. 262, 78 L.Ed.2d 246 (1983). During voir dire, the defendant should be permitted to develop not only facts which might manifest bias and form the basis of a challenge for cause, but also such facts as might be useful to him in detecting the possibility of bias and intelligently utilizing his peremptory challenges. *Smith*, 649 S.W.2d at 428. Nevertheless, the trial court supervises the examination of the qualifications of jurors and exercises its discretion over the nature and extent of the questions counsel may ask. *Id.* We will disturb a voir dire ruling on appeal only if the record shows an abuse of discretion and a real probability of injury to the complaining party. *Id.*

The trial court curtailed defendant's examination because it covered topics in instructions previously read to the jury and the jury had agreed that they would follow the instructions. In both *State v. Foulk*, 725 S.W.2d 56 (Mo.App.1987) and *Williams v. State*, 558 S.W.2d 671 (Mo.App.1977), the trial judge read instructions on the burden of proof, the presumption of innocence, and reasonable doubt, and then asked the venire whether they could follow these instructions. We found no abuse of discretion where the judge thereafter curtailed the examination of venire persons on those subjects. *Foulk*, 725 S.W.2d at 71–72; *Williams*, 558 S.W.2d at 674. We find no abuse of discretion and no real probability of prejudice to the defendant. Point denied.

■ Next, defendant complains that he was unable to cross-examine Officer Bauer about whether he would be in trouble for arresting defendant before giving defendant a field sobriety test. Defendant has failed to properly preserve this point for review on appeal because defense counsel failed to make a specific offer of proof after the trial court sustained the State's objection. *State v. Dagley*, 793 S.W.2d 420, 423 (Mo.App.1990). Defendant has a right to confront and cross-examine witnesses to bring out the witness's bias. *See, State v. Dunn*, 817 S.W.2d 241, 244 (Mo. banc 1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1689, 118 L.Ed.2d 403 (1992). However, the scope of a defendant's inquiry into bias is left largely in the discretion of the trial court. *State v. Edwards*, 637 S.W.2d 27, 29 (Mo.1982). Without an offer of proof showing that the officer would have been in trouble, we cannot say that the trial court erred. Point denied.

■ Defendant's final point relates to the denial of his Rule 29.15 motion.

Defendant claims his trial counsel was ineffective for failing to call a witness. Our review of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(j). Defendant must show that his attorney's performance was deficient and that this deficiency prejudiced his defense to prevail on his claim on ineffective assistance. *Leisure v. State*, 828 S.W.2d 872, 874 (Mo. banc 1992). Movant claims the witness, Paul Fuszner, should have been called to testify about the condition of defendant's pick-up truck. Defendant contends that Fuszner's testimony would lead to the inference that defendant's erratic driving on the night of his arrest was due to the condition of his truck. Fuszner testified at the motion hearing that defendant's counsel talked to him before trial but did not call him as a witness. He said that on the afternoon of defendant's arrest he twice put air into a flat tire on defendant's truck. However, he had not seen the defendant for five hours before his arrest and had no knowledge of what defendant had been doing during that time. Under these circumstances defendant can hardly claim the result would have been different if the witness had been called. Moreover, an attorney's choice of witnesses is a matter of trial strategy because an attorney handling a trial is in the best position to know how a witness's testimony may help or hinder his client. *Henderson v. State*, 770 S.W.2d 422, 423 (Mo.App.1989). Defendant has not shown that his counsel was ineffective. Point denied.

Defendant's conviction is affirmed. However, the cause is remanded for resentencing consistent with this opinion.[1]

CRANE and CRAHAN, JJ., concur.

---

1. On February 23, 1993, this Court ordered that the case of *State v. Cobb*, 1993 WL 43672, be transferred to the Supreme Court of Missouri in order to resolve an issue regarding the right of the State to plead and offer proof of a third prior alcohol-related driving offense after remand for resentencing. In *Cobb*, the record indicated that such a third offense might exist. The record presented to us in this case indicates just the opposite. Therefore, we see no reason to delay this opinion until such time as the Supreme Court decides the issue.